UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ANDREW PERRONG, individually
and on behalf of a class of all persons and
entities similarly situated,

        Plaintiff,

vs.                                                  Case No.

TOTAL INSURANCE BROKERS, LLC

        Defendant.

**CLASS ACTION COMPLAINT**

**Preliminary Statement**

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Plaintiff Andrew Perrong brings this action under the TCPA alleging that Defendant Total Insurance Brokers, LLC ("Total Insurance" or "Defendant") sent him pre-recorded telemarketing calls for purposes of promoting their goods and services without his prior express written consent.

3.      Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

4.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Andrew Perrong resides in Pennsylvania.

6.      Defendant Total Insurance Brokers, LLC is a Florida limited liability company with its principal place of business in this District.

## Jurisdiction & Venue

7.      The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8.      Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

## Statutory Background

THE TCPA

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10.     The TCPA makes it unlawful to (1) make calls to cellular telephone lines or lines for which the called party is charged for the call using an "automatic telephone dialing system,"

or (2) make calls to any cellular line, line for which the called party is charged for the call, or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A) & (B); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

11. These calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

## Factual Allegations

12. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

13. Total Insurance is in the health insurance marketing business.

14. To generate new customers, Total Insurance relies on telemarketing.

15. The telemarketing that Total Insurance engages in includes the use of pre-recorded messages.

16. Mr. Perrong's number, 215-338-XXXX, is assigned to a telephone service for which Mr. Perrong is charged for each call.

17. Mr. Perrong receives a ring charge for each call placed to him on that line.

18. Mr. Perrong is also charged per minute for each call placed to him on that line.

19. On July 6 and July 21, 2020, among other days, Total Insurance called Mr. Perrong on his number 215-338-XXXX.

20. The calls on July 6 and July 21 began with the following pre-recorded message regarding health insurance:

> Please listen carefully. Additional insurance benefits are now available for recipients of Medicare Part A and Part B. This will include dental, vision, and prescriptions that were not previously covered. To speak with your representative press five on your phone now. Thank you.

3

21. The caller was not identified on the recording for either message.

22. To learn the identity of the company calling him, Mr. Perrong engaged the telemarketer and learned their identity.

23. On the July 6, 2020 call, Mr. Perrong eventually spoke with Jeremiah Norton, an employee of the Defendant.

24. Mr. Perrong then received an e-mail from Mr. Norton that was sent from jnorton@tibhealth.com promoting Defendant's health insurance products.

25. That is an e-mail address and domain owned by the Defendant.

26. On the July 21, 2020 call, Mr. Perrong spoke with Dione Dennard, an employee of the Defendant.

27. On both calls, the employees of the defendant attempted to sellinsurance services.

28. Mr. Perrong, and others who received these calls, were temporarily deprived of legitimate use of their phones and their privacy was invaded.

## Class Action Allegations

29. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff sues on behalf of other persons or entities throughout the United States.

30. The proposed class are tentatively defined as:

Plaintiff and all persons within the United States: (1) to whose cellular telephone number Defendant, or a third party on their behalf, placed a telemarketing call (2) within the four years prior to the filing of the Complaint (3) using the same or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

31. The Plaintiff is a member of the class.

32. Excluded from the class are the Defendant, any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

33. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

34. Based on the automated nature of telemarketing campaigns, there are likely thousands of class members. Individual joinder of these persons is impracticable.

35. There are questions of law and fact common to Plaintiff and the proposed class, including:

   a. Whether the Defendant used a pre-recorded message to send telemarketing calls;

   b. Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express written consent;

   c. Whether the Defendant's TCPA violations were negligent, willful, or knowing; and

   d. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant' actions.

36. Plaintiff's claims are based on the same facts and legal theories as class members, and therefore are typical of the class members' claims.

37. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class and he is represented by counsel skilled and experienced in litigating TCPA class actions.

38. The Defendant's actions are applicable to the class and to Plaintiff.

39. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records and databases maintained by Defendant and others.

40. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

## Legal Claims

### Count One:
### Violation of the TCPA's provisions
### prohibiting pre-recorded calls to cell phones

41. The Defendant violated the TCPA by initiating a pre-recorded call to Plaintiff's telephone number assigned to a cellular telephone service without prior express written consent.

42. The Defendant's violations were willful or knowing.

43. The TCPA also permits injunctive relief, which the Plaintiff and the putative class seek by prohibiting the Defendant from using pre-recorded messages to call individuals, absent an emergency circumstance.

## Relief Sought

Plaintiff requests the following relief:

A.  That the Court certify the proposed class;

B.  That the Court appoint Plaintiff as class representative;

E.  That the Court appoint the undersigned counsel as counsel for the class;

F. That the Court enter a judgment permanently enjoining the Defendant from using a pre-recorded message, absent an emergency circumstance.

G. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

H. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully Submitted,

**Andrew Perrong**, individually and on behalf of those similarly situated individuals

Dated: August 17, 2020

  /s/ Avi Kaufman
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative class*