UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:20-cv-1905-T-30TGW

ANDREW PERRONG, individually
and on behalf of all persons and entities similarly situated

      Plaintiff,

vs.

TOTAL INSURANCE BROKERS LLC,
CONSUMER DIRECT MEDIA LLC, and
AIFY LLC
      Defendant.

_____/

## DEFENDANT AIFY LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Defendant, AIFY LLC ("AIFY"), hereby serves its Answer and Affirmative Defenses to Plaintiff's First Amended Class Action Complaint (the "Amended Complaint") (D.E. 20) and states as follows:

1.     Paragraph 1 of the Amended Complaint contains a characterization of this action and recitation of law to which no response is required. To the extent a response is required, AIFY admits Plaintiff purports to bring this putative action pursuant to the Telephone Consumer Protection Act ("TCPA"). By way of further response, AIFY denies that Plaintiff is entitled to the relief requested.

2.     Denied

3.     AIFY admits Plaintiff purports to bring a putative action; AIFY is without knowledge as to the remainder and denies that Plaintiff is entitled to the relief requested.

1

4.    Denied.

## PARTIES

5.    AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint.

6.    AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint.

7.    AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8.    AIFY admits the allegations contained in Paragraph 8 of the Amended Complaint.

## JURISDICTION & VENUE

9.    AIFY admits the allegations contained in Paragraph 9 of the Amended Complaint.

10.    Paragraph 10 of the Amended Complaint contains stricken allegations to which no response is requried.  To the extent a response is required, AIFY denies the allegations.

11.    Denied.

12.    AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

## STATUTORY BACKGROUND

2

13.    The statute referenced in Paragraph 13 of the Amended Complaint speaks for itself and as such no response is necessary.  To the extent that the response is required, AIFY denies the allegations contained in Paragraph 13 of the Amended Complaint.

14.    The statute referenced in Paragraph 14 of the Amended Complaint speaks for itself and as such no response is necessary.  To the extent that the response is required, AIFY denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.    The statute referenced in Paragraph 15 of the Amended Complaint speaks for itself and as such no response is necessary.  To the extent that the response is required, AIFY denies the allegations contained in Paragraph 15 of the Amended Complaint.

## FACTUAL ALLEGATIONS

16.    AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17.    AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

18.    AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint.

19.    AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.    AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint.

21.    AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint.

22.     AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.     AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Denied.  AIFY does not generate any calls.

25.     Admitted.

26.     Denied.

27.     AIFY admits that Plaintiff engaged the representative that called Plaintiff; AIFY denies the remaining allegations contained in Paragraph 27 of the Amended Complaint.

28.     AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint.

29.     AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint.

30.     AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

31.     AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint.

32.     AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Denied.

34.     The regulation and administrative opinions referenced in Paragraph 34 of the Amended Complaint speak for themselves and as such no response is necessary.  To the extent that the response is required, AIFY denies the allegations contained in Paragraph 34 of the Amended Complaint.

35.     The regulation and ruling referenced in Paragraph 35 of the Amended Complaint speak for themselves and as such no response is necessary.  To the extent that the response is required, AIFY denies the allegations contained in Paragraph 35 of the Amended Complaint.

36.     The regulation and ruling referenced in Paragraph 36 of the Amended Complaint speak for themselves and as such no response is necessary.  To the extent that the response is required, AIFY denies the allegations contained in Paragraph 36 of the Amended Complaint.

37.     The regulation and ruling referenced in Paragraph 37 of the Amended Complaint speak for themselves and as such no response is necessary.  To the extent that the response is required, AIFY denies the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Paragraph 38 of the Amended Complaint contains a legal conclusion alleged solely against the co-defendant to which no response is required by AIFY.  To the extent that a response is required, AIFY denies the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Paragraph 39 of the Amended Complaint contains a legal conclusion solely alleged against the co-defendant to which no response is required by AIFY.  To the extent

that a response is required, AIFY denies the allegations contained in Paragraph 39 of the Amended Complaint.

40. AIFY denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint.

41. Paragraph 41 of the Amended Complaint contains stricken allegations to which no response is requried. To the extent a response is required, AIFY denies the allegations.

42. AIFY denies the allegation in Paragraph 42 of the Amended Complaint that it made illegal calls; AIFY denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Amended Complaint.

43. Paragraph 43 of the Amended Complaint contains a legal conclusion alleged solely against the co-defendant to which no response is required by AIFY. To the extent that a response is required, AIFY denies the allegations contained in Paragraph 43 of the Amended Complaint.

44. Paragraph 44 of the Amended Complaint contains stricken allegations to which no response is requried. To the extent a response is required, AIFY denies the allegations.

45. Paragraph 45 of the Amended Complaint contains stricken allegations to which no response is requried. To the extent a response is required, AIFY denies the allegations.

46.     The regulation and administrative ruling referenced in Paragraph 46 of the Amended Complaint speak for themselves and as such no response is necessary.  To the extent that the response is required, AIFY denies the allegations contained in Paragraph 46 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

47.     Paragraph 47 of the Amended Complaint contains a characterization of this action to which no response is required.  To the extent a response is required, AIFY admits that Plaintiff purports to bring this class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and others similarly situated.  By way of further response, AIFY denies that Plaintiff is entitled to the relief sought in the Amended Complaint.

48.     Paragraph 48 of the Amended Complaint contains a statement identifying the proposed class Plaintiff purports to represent in this action to which no response is required.  To the extent that a response is required, AIFY denies that Plaintiff's proposed class is appropriate for class treatment under Fed. R. Civ. P. 23 and that Plaintiff is entitled to the relief sought in the Complaint.

49.     Denied.

50.     AIFY admits that AIFY, its employees and agents are excluded from the purported class.  AIFY denies all remaining allegations contained in Paragraph 50 of the Amended Complaint.

51.     Paragraph 51 of the Amended Complaint contains a statement identifying the proposed class Plaintiff purports to represent and identify in this action to which no response is required.  To the extent that a response is required, AIFY denies that Plaintiff's

7

proposed class is appropriate for class treatment under Fed. R. Civ. P. 23 and that Plaintiff is entitled to the relief sought in the Complaint. By way of further response, AIFY denies that it maintains phone records and phone number databases.

52. Denied.

53. Paragraph 53 of the Amended Complaint, including all subparts, contains legal conclusions to which no response is required. To the extent a response is required, AIFY denies the allegations contained in Paragraph 53 of the Amended Complaint, including all subparts.

54. Denied.

55. Denied.

56. Denied.

57. Paragraph 57 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, AIFY denies the allegations contained in Paragraph 57 of the Amended Complaint.

58. Denied.

## COUNT ONE:
### Violation of the TCPA's Provisions Prohibiting Pre-Recorded Calls to Cell Phones

59. Denied.

60. Denied.

61. AIFY admits that the TCPA speaks for itself and as such no response is necessary. To the extent that a response is required, AIFY admits Plaintiff purports to seek injunctive but denies that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims of Plaintiff and/or the putative class members are barred as the Plaintiff and/or the putative class members lack standing to pursue claims against AIFY because the Plaintiff and/or the putative class members have not incurred any injury or loss.

### Second Affirmative Defense

The claims of Plaintiff and/or the putative class members are barred to the extent that Plaintiff and/or the putative class members gave consent to receive phone calls from AIFY.

### Third Affirmative Defense

The claims of Plaintiff and/or the putative class members are barred by the doctrines of waiver and estoppel.

### Fourth Affirmative Defense

The claims of Plaintiff and/or the putative class members are barred by their failure to mitigate, reduce or avoid damages or injuries, which AIFY denies he sustained.

### Fifth Affirmative Defense

An award of statutory or punitive damages against AIFY would be unconstitutional and/or excessive in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

## Sixth Affirmative Defense

This action is barred, in whole or in part, because Plaintiff's causes of action are not maintainable as a class pursuant Fed. R. Civ. P. 23, as there are not sufficiently common issues as to the individual members of the purported class and the named Plaintiff is not adequate, typical, suitable or appropriate representative of the purported class.

## Seventh Affirmative Defense

Assuming *arguendo* that it is determined that AIFY failed to comply with the TCPA, which AIFY denies, such failure was not willful or knowingly.

Defendant reserves the right to amend its affirmative defenses pursuant to applicable Federal Rules of Civil Procedure.

WHEREFORE, Defendant, AIFY LLC, demands judgment in its favor, dismissing the Amended Complaint, awarding it attorney's fees, costs and disbursements incurred in this action pursuant to applicable federal and Florida law and awarding such other further relief as the Court deems necessary and proper.

Dated: April 16, 2021
Fort Lauderdale, FL

LITCHFIELD CAVO LLP

By:    *s/ Stephanie H. Carlton*
       Geralyn M. Passaro, Esq. (FL Bar No. 613533)
       passaro@litchfieldcavo.com
       Stephanie H. Carlton, Esq. (FL Bar No. 123763)
       carlton@litchfieldcavo.com
       600 Corporate Drive, Suite 600
       Fort Lauderdale, Florida 33334
       Tel.: (954) 689-3000
       Fax: (954) 689-3001
       *Attorney for Defendant, AIFY LLC*

11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:20-cv-1905-T-30TGW

ANDREW PERRONG, individually
and on behalf of all persons and entities similarly situated

       Plaintiff,

vs.

TOTAL INSURANCE BROKERS LLC,
CONSUMER DIRECT MEDIA LLC, and
AIFY LLC
       Defendant.

                              /

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    s/ Stephanie H. Carlton
            Stephanie H. Carlton, Esq. (FL Bar No. 123763)
            carlton@litchfieldcavo.com
            LITCHFIELD CAVO LLP
            600 Corporate Drive, Suite 600
            Fort Lauderdale, Florida 33334
            Tel.: (954) 689-3000
            Fax: (954) 689-3001
            *Attorney for Defendant,*
            *Aify LLC*

## SERVICE LIST

### Perrong v. Total Insurance Brokers et al.
### Case No. 8:20-cv-1905-T-30TGW

| Counsel for Plaintiff, and the putative class | Counsel for Defendant, AIFY LLC |
|---|---|
| Avi R. Kaufman, Esq. <br> Rachel E. Kaufman, Esq. <br> Kaufman, P.A. <br> 400 NW 26th Street <br> Miami, FL 33127 <br> Telephone: (305) 469-5881 <br> E-Mail: kaufman@kaufmanpa.com <br> E-Mail: rachel@kaufmanpa.com | Geralyn M. Passaro, Esq. <br> Stephanie H. Carlton, Esq. <br> Litchfield Cavo, LLP <br> Radice Corporate Center <br> 600 Corporate Drive, Suite 600 <br> Fort Lauderdale, Fl 33334 <br> Tel: 954.689.3011 <br> Fax: 954.689.3001 <br> E-Mail: passaro@litchfieldcavo.com <br> E-Mail: carlton@litchfieldcavo.com <br> E-Mail: donaldson@litchfieldcavo.com <br> E-Mail: vance@litchfieldcavo.com |
| **Counsel for Total Insurance Brokers, LLC** | **Counsel for Consumer Direct Media, LLC** |
| Anthony J. Palermo, Esq. <br> Cory W. Eichhorn, Esq. <br> Holland & Knight LLP <br> 100 N. Tampa Street <br> Suite 4100 <br> Tampa, FL 33602 <br> Tel: 813.227.6320 <br> Fax: 305.789.7799 <br> E-Mail: cory.eichhorn@hklaw.com <br> E-Mail: anthony.palermo@hklaw.com | James Allen Peterson, Esq. <br> Peterson Legal, P.A. <br> 401 East Las Olas Blvd. <br> Suite 130-550 <br> Fort Lauderdale, FL 33301 <br> Tel: 754.444.8076 <br> E-Mail: james@petersonlegal.com |